UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION | MEMORANDUM & ORDER 22-MD-3044 (NGG) (MMH) |
| THIS DOCUMENT APPLIES TO:<br><br>ALL CASES | |

### PRACTICE AND PROCEDURE ORDER NO. 1

This order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to the Transfer Order entered on October 7, 2022, as well as any tag-along actions thereafter transferred to this court and any other actions, whether originally filed in this court or transferred or removed to this court, that are deemed to be related pursuant to Rule 50.3.1 of this court's Rules for the Division of Business Among District Judges.

### I. FILINGS

1) All counsel appearing in this matter shall register for electronic case filing in this court (ECF) and all papers hereafter filed in this matter shall be filed electronically. (Information about ECF, including information about whom to contact concerning registration and filing procedures, may be obtained on the court's website by clicking on the button entitled CM/ECF.)

1

2) All pleadings filed in this matter shall bear the caption set forth above. If the pleadings apply to all cases, they should so state as in the caption above. If they apply only to an individual case or cases, the docket numbers of the cases to which they apply are to be set forth in the space provided in the caption.

3) All papers filed in this matter, other than pleadings,[1] shall be field in the Master Docket bearing docket number 22-MD-3044. If the papers apply to all cases they are to be "spread" to "all."[2] If the papers apply only to an individual case or cases, they are to be "spread" only to the docket numbers for the individual case or cases to which they apply.

4) Pleadings shall *not* be filed in the Master Docket bearing docket number 22-MD-3044, but shall be filed only in the docket of the individual case or cases to which they apply. Orders closing member cases should also be filed solely in the individual case or cases to which they apply.

5) All papers and supporting documentation are to be filed via ECF, including papers and documentation that the parties wish to maintain in confidence such that they are available only to case participants, as well as papers and documentation that the parties wish to file *ex parte*. The parties are directed to insure that they understand and comply with the ECF filing procedures applicable in this

---

[1] Rule 7(a) of the Federal Rules of Civil Procedure defines pleadings to be "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." For the purposes of this Order, pleadings includes amended pleadings.

[2] The words "spread" and "all" refer to terms that appear in a prompt that appears during the ECF filing process.

      court for restricting access to confidential and *ex parte* materials. They may address any questions in this regard to Tiffeny Lee-Harris (718-613-2327).

6) Courtesy copies of documents are not to be submitted to the court unless specifically requested by chambers. Any such copies requested by chambers are to be clearly marked as courtesy copies.

## II. APPEARANCES *PRO HAC VICE*

Counsel who appeared in the transferor district court *prior* to the transfer, if not members of the bar of this court, need not file motions for admission *pro hac vice* as long as they are a member in good standing of the Bar of any district court of the United States. Counsel who appear for the first time in an action *after* it has been transferred to this court and who are not members of the bar of this court must file motions to be admitted *pro hac vice* in accordance with Local Civil Rule 1.3(c). The *pro hac vice* motion shall be filed on the master docket, 22-MD-3044, and the filing shall be spread to any related individual case in which the represented party is named. After a motion for admission *pro hac vice* is granted, counsel will be required to file a notice of appearance on the master docket and on any related individual case. No party is required to obtain local counsel.

## III. MOTIONS

1) A premotion conference with Judge Garaufis must be requested before making any of the following motions:

    a. Motions pursuant to Fed. R. Civ. P. 12 or 56;

    b. Motions for a change of venue; and

    c. Motions to amend a pleading pursuant to Fed. R. Civ. P. 15 where leave of court is required.

3

> To request a pre-motion conference, the moving party shall file a letter via ECF not to exceed three (3) pages in length setting forth the basis for the anticipated motion. Any opposing parties may, but are not required to, file a letter response, not to exceed three (3) pages within seven (7) days from the filing of the notification letter.

2) Motions concerning discovery and all other non-dispositive pretrial matters shall be addressed to Magistrate Judge Henry and made in accordance with her Motion Practices as published on the court's website.[3]

SO ORDERED.

Dated: Brooklyn, New York
October 25, 2022

s/Nicholas G. Garaufis
_____
NICHOLAS G. GARAUFIS
United States District Judge

---

[3] *See* https://www.nyed.uscourts.gov/pub/rules/MMH-MLR.pdf.