# WEITZ & LUXENBERG

A PROFESSIONAL CORPORATION

• LAW OFFICES •

700 BROADWAY • NEW YORK, N.Y. 10003
TEL. 212-558-5500    FAX 212-344-5461
WWW.WEITZLUX.COM

ELLEN RELKIN, Esq.
Direct Number: (212) 558-5715
erelkin@weitzlux.com



December 30, 2022

*Via ECF*
The Honorable Nicholas Garaufis
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 1426 S
Brooklyn, NY 11201

    Re: In Re: Exactech Polyethylene Orthopedic Products Liability Litigation
       MDL No.: 3044, 1:22-md-0344-NGG-MMH

Dear Judge Garaufis:

  Per your November 16, 2022 Minute Entry for proceedings, enclosed please find a proposed Direct Filing Order following a meet and confer amongst lead counsel for the Plaintiffs and Defendants to which the parties jointly consent. Thank you and Happy New Year.

                Respectfully Submitted,

                Ellen Relkin

cc: Magistrate Judge Marcia M. Henry
   Susan Sharko, Esq.
   Michael Kanute, Esq.
   Kirk Pope, Esq.
   Rayna Kessler, Esq.
   All Counsel of Record via ECF

*Ms Relkin is admitted in New York, New Jersey, Pennsylvania and the District of Columbia, and also affiliated with the following office:*

220 LAKE DRIVE EAST, SUITE 210 • CHERRY HILL, NJ 08002 • TEL 856-755-1115 • FAX 856-755-1995

2179-123

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
(BROOKLYN)

| | |
|---|---|
| IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION<br><br>*This Document Relates to All Cases* | No.: 1:22-md-03044-NGG-MMH<br><br>MDL No. 3044 |

## CASE MANAGEMENT ORDER NO. XX
### (Direct Filing)

This Case Management Order submitted by stipulation is entered to eliminate delays typically associated with the transfer into this MDL proceeding of tag along cases originally filed in or removed to another federal court and to otherwise promote efficiency. Accordingly, it is **ORDERED** as follows:

A. In order to eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts and to promote judicial efficiency, any Plaintiff whose case would be subject to transfer to MDL No. 3044 as a tag along case may file his or her complaint against Exactech, Inc. and Exactech U.S., Inc. (collectively, "Defendants") directly in MDL No. 3044 in the United States District Court for the Eastern District of New York. This Order applies only to personal injury cases subject to transfer to this MDL, namely only those alleging total joint replacement failure and injury due to accelerated polyethylene wear in the following Exactech devices: (1) Optetrak, Optetrak Logic, and Truliant total knee replacement systems; (2) Exactech total hip replacement systems implanted with GXL polyethylene liners and certain MCS and Acumatch Conventional UHMWPE liners and (3) Exactech Vantage Total Ankle Replacement systems. (JPML Transfer Order, Doc. 1, p. 2.) Once a Master Short Form Complaint is ordered, only that Complaint shall be used pursuant to this Direct Filing Order, but

until then, individually drafted complaints may be filed. All Plaintiffs and their counsel with actions centralized or directly filed into this MDL shall be bound by all MDL Orders.

   B. Any Plaintiff who files a complaint directly in MDL No. 3044 pursuant to this Order shall designate in the Master Short Form Complaint the federal district in which the complaint should be deemed to have otherwise been originally filed absent this Order (hereinafter, the "Original District"). The term Original District as used in this Direct Filing Order refers to the federal district to which the Plaintiff seeks transfer upon completion of pretrial proceeding.

   C. With the exception of responding to the Master Complaint, which shall be governed by a subsequent order, Defendants need not move, plead, or otherwise respond to any complaint directly filed in MDL No. 3044. With the exception of the Master Complaint, until further order of this Court, all complaints directly filed in MDL No. 3044, any tag along actions subsequently transferred, and all cases originally filed in this Court or transferred or removed to this Court for inclusion in MDL No. 3044, are deemed answered and denied, without waiver of any defense.

   D. Cases directly filed in this Court pursuant to this Order shall not name more than a single Plaintiff in the case, provided, however, that any such case may include consortium Plaintiff(s) as permitted by law and, in the event of a wrongful death action, the appropriate representative(s) of the Estate.

   E. Defendants shall stipulate and agree that as to any complaint properly filed pursuant to this Order, they will not assert any objection pursuant to Fed. R. Civ. P. 12(b) that the Eastern District of New York is an improper venue during the pendency of this MDL proceeding. Defendants reserve all rights to object on improper venue, personal jurisdiction, or other appropriate grounds to the Original District specified in the complaint. Such objections may be asserted by motion for resolution in this MDL proceeding. This Order does not prohibit a party

from filing an objection challenging the propriety of an individual action's inclusion in the MDL, based on the MDL's scope, as defined in the Transfer Order issued by the JPML and any subsequent orders of the JPML.  (*See* JPML Transfer Order, Doc. 1, p. 2.)

   F. Each case filed directly pursuant to this Order shall be deemed a constituent action in MDL No. 3044 and will be filed in MDL No. 3044 for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's October 7, 2022 Transfer Order (Doc. 1) and 28 U.S.C. § 1407 other than those cases where venue would otherwise be appropriate absent the MDL

. G. For all cases directly filed in this MDL No. 3044 proceeding pursuant to this Order where original venue did not belong in this District  or that are not selected to be tried as bellwether trials in this District, upon completion of all MDL proceedings, this Court, pursuant to the Rules of the Judicial Panel on Multidistrict Litigation and 28 U.S.C. § 1404(a), will transfer that case to the federal district court designated by Plaintiff, subject to  motion practice  and any rulings by the Court

   H. The inclusion of any action in *In Re: Exactech Polyethylene Orthopedic Products Liability Litigation*, MDL No. 3044, whether such action was or will be filed originally or directly in the Eastern District of New York, shall not constitute a determination by this Court that venue is proper in this District

   I. The filing of a complaint directly in MDL No. 3044 pursuant to this Order shall stop the running of any statute of limitations, statute of repose or prescriptive or preemptive period as if the complaint had been filed in a Court of appropriate jurisdiction and venue, even if an ultimate determination is made following the conclusion of this MDL that the district court as alleged in the complaint lacked personal jurisdiction or venue over Defendants.

J. Filing a case directly in MDL No. 3044 pursuant to this Order will not determine the choice of law, including the statute of limitations. Any choice of law issues will be decided at a later date.

K. In accordance with Practice and Procedure Order No. 1, Section II, counsel who appeared in the transferor district court *prior* to the transfer, if not members of the bar of this court, need not file motions for admission *pro hac vice* as long as they are a member in good standing of the Bar of any district court of the United States and may directly file a complaint in MDL No. 3044 pursuant to this Order. Counsel who did not appear in a transferor district court prior to the formation of MDL No. 3044 and who are otherwise not admitted in this District must file a motion to be admitted *pro hac vice* in accordance with Local Civil Rule l.3(c). Counsel shall send their application to Rayna Kessler, rkessler@robinskaplan.com, who will file the application on the master docket, 22-MD-3044, and the filing shall relate to the master docket number to obtain the ability to directly file complaints throughout the pendency of MDL No. 3044. After a motion for admission *pro hac vice* is granted, counsel will be required to file a notice of appearance on the master docket and on any related individual case filed subsequent to the Court's granting of the *pro hac vice* motion. No party is required to obtain local counsel.

L. All complaints must be filed electronically absent extraordinary circumstances, as required by Local Civil Rule 5.2. An individual PACER account is required to register to e-file on the Eastern District of New York's CM/ECF system. Prior to any plaintiff's lawyer filing a complaint directly in MDL No. 3044, that attorney must register for e-filing with the Eastern District Court of New York through PACER. Counsel must also familiarize themselves with Practice and Procedure Order No. 1 [ECF #7].

M.      Internet credit card payments shall be required for all complaints and made online through Pay.gov. Plaintiff's counsel will be prompted to pay the required filing fee at the time of the filing of the complaint.

N.      The caption for any complaint that is directly filed in MDL No. 3044 before this Court shall bear the caption as set forth in Exhibit 1, attached to this Order  Any complaint that is directly filed in MDL No. 3044 before this Court pursuant to this Order shall bear the following caption:

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION** | **MDL No. 3044**<br>**Case No. 22-md-3044 (NGG) (MMH)** |
| _____,<br><br>                Plaintiff,<br><br>                vs.<br><br>_____,<br><br>                Defendants. | **DIRECT FILED COMPLAINT PURSUANT TO CASE MANAGEMENT ORDER NO. X** |

**SO ORDERED.**

Date: _____          _____
Brooklyn, New York                                              NICHOLAS G. GARAUFIS
                                                                                United States District Judge