UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
(BROOKLYN)

---

IN RE: EXACTECH POLYETHYLENE
ORTHOPEDIC PRODUCTS LIABILITY
LITIGATION

*This Document Relates to All Cases*

No.: 1:22-MD-03044-NGG-MMH

MDL No. 3044

---

### AMENDED PRACTICE AND PROCEDURE ORDER NO. 2
(Direct Filing)

This Amended Practice and Procedure Order (the "Direct Filing Order") submitted by stipulation is entered to eliminate delays typically associated with the transfer into this MDL proceeding of tag along cases originally filed in or removed to another federal court and to otherwise promote efficiency. Accordingly, it is **ORDERED** as follows:

A. In order to eliminate delays associated with the transfer to this Court of cases filed in or removed to other federal district courts and to promote judicial efficiency, any Plaintiff whose case would be subject to transfer to MDL No. 3044 as a tag along case may file his or her complaint against Exactech, Inc. and Exactech U.S., Inc. (collectively, "Defendants") as a new case directly in the United States District Court for the Eastern District of New York for inclusion in MDL No. 3044. This Direct Filing Order applies only to personal injury cases subject to transfer to this MDL, namely only those alleging total joint replacement failure and injury due to accelerated polyethylene wear in the following Exactech devices: (1) Optetrak, Optetrak Logic, and Truliant total knee replacement systems; (2) Exactech total hip replacement systems implanted with GXL polyethylene liners and certain MCS and Acumatch Conventional UHMWPE liners and (3) Exactech Vantage Total Ankle Replacement systems. (JPML Transfer Order, Doc. 1, p. 2.) Once a Master Short Form Complaint is ordered, only that Complaint shall be used pursuant to this

Direct Filing Order, but until then, individually drafted complaints may be filed. All Plaintiffs and their counsel with actions centralized or directly filed into this MDL shall be bound by all MDL Orders.

B. Any Plaintiff who files a complaint directly in this Court pursuant to this Direct Filing Order shall designate in the Master Short Form Complaint the federal district in which the complaint should be deemed to have otherwise been originally filed absent this Direct Filing Order (hereinafter, the "Original District"). The term Original District as used in this Direct Filing Order refers to the federal district to which the Plaintiff seeks transfer upon completion of pretrial proceedings.

C. With the exception of responding to the Master Complaint, which shall be governed by a subsequent order, Defendants need not move, plead, or otherwise respond to any complaint directly filed in this Court. With the exception of the Master Complaint, until further order of this Court, all complaints directly filed in this Court, any tag along actions subsequently transferred, and all cases originally filed in this Court or transferred or removed to this Court for inclusion in MDL No. 3044, are deemed answered and denied, without waiver of any defense.

D. Cases directly filed in this Court pursuant to this Direct Filing Order shall not name more than a single Plaintiff in the case, provided, however, that any such case may include consortium Plaintiff(s) as permitted by law and, in the event of a wrongful death action, the appropriate representative(s) of the Estate.

E. Defendants shall stipulate and agree that as to any complaint properly filed pursuant to this Direct Filing Order, they will not assert any objection pursuant to Fed. R. Civ. P. 12(b) that the Eastern District of New York is an improper venue during the pendency of this MDL proceeding. Defendants reserve all rights to object on improper venue, personal jurisdiction, or

other appropriate grounds to the Original District specified in the complaint. Such objections may be asserted by motion for resolution in this MDL proceeding. This Direct Order does not prohibit a party from filing an objection challenging the propriety of an individual action's inclusion in the MDL, based on the MDL's scope, as defined in the Transfer Order issued by the JPML and any subsequent orders of the JPML. (*See* JPML Transfer Order, Doc. 1, p. 2.)

F.  Each case filed directly pursuant to this Direct Filing Order shall be deemed a constituent action in MDL No. 3044 and will be included in MDL No. 3044 for pretrial proceedings only, consistent with the Judicial Panel on Multidistrict Litigation's October 7, 2022 Transfer Order (Doc. 1) and 28 U.S.C. § 1407 other than those cases where venue would otherwise be appropriate absent the MDL.

G.  For all cases directly filed in this Court pursuant to this Direct Filing Order where original venue did not belong in this District or that are not selected to be tried as bellwether trials in this District, upon completion of all MDL proceedings, this Court, pursuant to the Rules of the Judicial Panel on Multidistrict Litigation and 28 U.S.C. § 1404(a), will transfer that case to the federal district court designated by Plaintiff, subject to motion practice and any rulings by the Court.

H.  The inclusion of any action in *In Re: Exactech Polyethylene Orthopedic Products Liability Litigation*, MDL No. 3044, whether such action was or will be filed originally or directly in the Eastern District of New York, shall not constitute a determination by this Court that venue is proper in this District.

I.  The filing of a complaint directly in this Court pursuant to this Direct Filing Order shall stop the running of any statute of limitations, statute of repose or prescriptive or preemptive period as if the complaint had been filed in a Court of appropriate jurisdiction and venue, even if

an ultimate determination is made following the conclusion of this MDL that the district court as alleged in the complaint lacked personal jurisdiction or venue over Defendants.

J. Filing a case directly in this Court pursuant to this Direct Filing Order will not determine the choice of law, including the statute of limitations. Any choice of law issues will be decided at a later date.

K. In accordance with Practice and Procedure Order No. 1, Section II, counsel who appeared in the transferor district court *prior* to the transfer, if not members of the bar of this court, need not file motions for admission *pro hac vice* as long as they are a member in good standing of the Bar of any district court of the United States and may directly file a complaint in this Court pursuant to this Direct Filing Order. Counsel who did not appear in a transferor district court prior to the formation of MDL No. 3044 and who are otherwise not admitted in this District must file a motion to be admitted *pro hac vice* in accordance with Local Civil Rule 1.3(c). Counsel shall send their application to Rayna Kessler, rkessler@robinskaplan.com, who will file the application on the master docket, No. 22-MD-3044, and the filing shall relate to the master docket number to obtain the ability to directly file complaints throughout the pendency of MDL No. 3044. After a motion for admission *pro hac vice* is granted, counsel will be required to file a notice of appearance on the master docket and on any related individual case filed subsequent to the Court's granting of the *pro hac vice* motion. No party is required to obtain local counsel.

L. All complaints must be filed electronically absent extraordinary circumstances, as required by Local Civil Rule 5.2. An individual PACER account is required to register to e-file on the Eastern District of New York's CM/ECF system. Prior to any plaintiff's lawyer filing a complaint directly in this Court, that attorney must register for e-filing with the Eastern District

Court of New York through PACER. Counsel must also familiarize themselves with Practice and Procedure Order No. 1 [ECF #7].

M. Internet credit card payments shall be required for all complaints and made online through Pay.gov. Plaintiff's counsel will be prompted to pay the required filing fee at the time of the filing of the complaint.

N. Any complaint that is directly filed in this Court pursuant to this Direct Filing Order shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION | MDL No. 3044<br>Case No. 22-MD-3044 (NGG) (MMH) |
| This Document Relates To:<br><br>_____,<br><br>Plaintiff,<br><br>vs.<br><br>_____,<br><br>Defendants.<br><br>Case No.: _____ | **DIRECT FILED COMPLAINT PURSUANT TO AMENDED PRACTICE AND PROCEDURE ORDER NO. 2** |

**SO ORDERED.**

Date: January 11, 2023
Brooklyn, New York

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge