# WEITZ & LUXENBERG

A PROFESSIONAL CORPORATION

• LAW OFFICES •

700 BROADWAY • NEW YORK, NY 10003-9536
TEL. 212-558-5500    FAX 212-344-5461
WWW.WEITZLUX.COM

PERRY WEITZ
ARTHUR M. LUXENBERG

BENNO ASHRAFI ‡
JAMES J. BILSBORROW ††
LISA NATHANSON BUSCH ††
CHARLES M. FERGUSON
ALANI GOLANSKI †
ROBIN L. GREENWALD §§
GARY R. KLEIN ††
JERRY KRISTAL ··§
ELLEN RELKIN ◊ ££ ⱦ
MICHAEL P. ROBERTS
NICHOLAS WISE ∞
GLENN ZUCKERMAN

ANDREW L. BACKING ∗
RETT BERGMARK
DEVIN BOLTON ⸵
ERIN M. BOYLE ⁓
AMBRE J BRANDIS
JOHN M. BROADDUS ⸹⸹
PATTI BURSHTYN ††
BRANDI C. CHAPLIN ¶
COURTNEY CHLEBINA ⁓
NANCY M CHRISTENSEN ††
BENJAMIN T. CLINTON
THOMAS COMERFORD †† §

VENUS BURNS ‡
TERESA A. CURTIN ¶¶
BENJAMIN DARCHE
JUSTINE K. DELANEY
ADAM S. DREKSLER
BRANDON DUPREE ‡
F. ALEXANDER EIDEN ¶
TIFFANY R. ELLIS §§∗
MICHAEL FANELLI ††
LEONARD F. FELDMAN ¶
STUART R. FRIEDMAN ∗
MARY GRABISH GAFFNEY ¶
ERICARAE GARCIA ∗∗
ANDREW J. GAYOSO ⁓
DIANA GJONAJ ∗
DANIELLE M. GOLD ††
LAWRENCE GOLDHIRSCH ∗°
BENJAMIN GOLDMAN ⸺
NICHOLAS A. GONSALVES
ROBERT J. GORDON ·††
LAURA GREEN ††
CODY M. GREENES ¶
MATTHEW A. GRUBMAN ¶
NICOLE A. HYATT
MARIE L. IANNIELLO † °
ERIK JACOBS
JEFFREY S. KANCA ♦❖

DAVID M. KAUFMAN ††
PAULINA R. KENNEDY ∗
CHANTAL KHALIL
ILYA KHARKOVER
JOSH KRISTAL ¶
JARED LACERTOSA
DEBBI LANDAU
DANIEL C. LIPNER
JOSEPH J MANDIA ¶
COLIN MARKEL
JAMIE MATTERA
BRENDAN A. MCDONOUGH ††
SARA MERRILL °
MICHELLE C. MURTHA ¶§
MELINDA DAVIS NOKES ⸵⸵
PAUL F. NOVAK ∗
NICHOLAS OLIVA
JOSIAH W. PARKER ‡
MICHAEL E. PEDERSON
BRANDON H. PERLMAN
JAMES A PLASTIRAS ††
ADAM C. RAFFO
PIERRE RATZKI
BRITTANY A. RUSSELL ··
CHRIS ROMANELLI ††

KYLE A. SCHIEDO ⱴ
JARED SCOTTO
BHARATI O. SHARMA ¶
CALLIE M. SHARP §§
ALEXANDRA SHEF ‡
EDUARDO R. SOTOMAYOR ††
SAMANTHA E. STAHL
GREGORY STAMATOPOULOS ∗
TYLER R. STOCK ‡
PETER TAMBINI ††
JAMES S. THOMPSON ††
BENJAMIN VANSLYKE ∗
CASEY THAL VERVILLE ◊
JASON M. WEINER ××
JASON P. WEINSTEIN
LAUREN A. WEITZ
JUSTIN J. WEITZ
MARK WEITZ
WAYNE A WILLIAMS ∗

∗ Of Counsel
‡ Admitted only in CA
§§ Admitted only in IL
◊ Admitted only in LA
\ Admitted only in MA
∗ Admitted only in MI
∗∗ Admitted only in OH
⸺ Admitted only in OR
\\ Also admitted in CA
∞ Also admitted in CO
‡ Also admitted in CT
§ Also admitted in DC
° Also admitted in FL
◊◊ Also admitted in MA
†† Also admitted in NJ
ⱴ Also admitted in PA
⁓ Also admitted in WI
¶¶ Admitted only in CA & UT
∴ Admitted only in CA, PA & WI
¶ Admitted only in NJ & PA
⸹ Admitted only in NJ PA & WV
◊ Admitted only in OR & MI
×× Also admitted in DC & MD
⁺⁺ Also admitted in MD & NJ
† Also admitted in NJ & CT
∗ Also admitted in NJ & DC
¶¶¶ Also admitted in NJ & ME
ⱴ Also admitted in NJ & MI
·· Also admitted in NJ & PA
✻✻ Also Admitted in NJ & WV
∧ Also admitted in CT, FL & NJ
⸵⸵ Also admitted in DC, IL, MO, NJ & PA
⸹⸹ Also admitted in DC,MD,NJ,PA & VA
££ Certified Atty. NJ Supreme Court

February 2, 2023

*Via ECF*

The Honorable Nicholas Garaufis
The Honorable Marcia Henry, Magistrate Judge
United States District Court for the Eastern District of New York
225 Cadman Plaza East, Room 1426 S
Brooklyn, NY 11201

    Re:    In Re: Exactech Polyethylene Orthopedic Products Liability Litigation,
              MDL No.: 3044, 1:22-md-0344-NGG-MMH

Dear Judge Garaufis and Magistrate Judge Henry:

      We write on behalf of the Plaintiffs in the MDL with the permission of counsel for Exactech, Inc. and Exactech U.S., Inc. (the "Exactech defendants") and counsel for TPG Inc. ("TPG") (whose permission is without waiver of service and other defenses). As Your Honors are aware, Plaintiffs filed a Master Complaint on Thursday, January 26, 2023. Pursuant to Case Management Order No. 1, Plaintiffs are to submit a Short Form Complaint by February 2, 2023.

      Plaintiffs' counsel provided a draft of the Short Form Complaint to counsel for the Exactech defendants on Friday, January 27, as well as counsel for TPG, whose affiliated investment fund is the controlling shareholder of Exactech. TPG was named previously in one case in the MDL, *Berger v. Exactech, Inc., et al.* (E.D.N.Y. No. 1:22-cv-06449-NGG-MMH), and their counsel were present at the first status conference in November. On Wednesday, January 25, 2023, in advance of the status conference that day, plaintiff in the *Berger* case

220 LAKE DRIVE EAST, SUITE 210 • CHERRY HILL, NJ 08002 • TEL 856-755-1115
1880 CENTURY PARK EAST, SUITE 700 • LOS ANGELES, CA 90067 • TEL 310-247-0921
3011 WEST GRAND BLVD., 24ᵀᴴ FLOOR • DETROIT, MI 48202 • TEL 313-800-4170



voluntarily dismissed TPG (without prejudice) and thus was no longer a party to any case in the MDL. Since submission of the Master Complaint later last week, TPG and certain affiliates have been named as defendants in several individual cases filed in this MDL pursuant to the Direct File Order.

In response to the draft Short Form Complaint, TPG's counsel advised Plaintiffs Executive Committee yesterday that since they were not parties to the Direct File Order, they were not prepared at this juncture, to agree to be bound by it, or to the form of the Short Form Complaint. However, recognizing the pragmatic reality that plaintiffs intend to pursue claims against them, Ellen Relkin discussed with TPG's counsel that it would be simpler for all parties and the Court to include all named defendants thus far as part of the Short Form Complaint, especially since TPG's counsel has indicated that they plan on filing Rule 12(b)(2), (3) and (6) motions. The Court may recall that Exactech represented that they will not be filing such motions so the motion practice will be with regards to the newly named parties. Counsel for TPG has advised that she is conferring with her client with regard to Plaintiffs' request that they dispense with objections to the Direct File Order, agree to an amended order that includes TPG (and the named affiliates) and consent to that Short Form Complaint process. Possibilities include a stipulation to amend the direct file order to expressly include TPG and potential other stipulations to address TPG concerns.

In short, additional time is needed for the TPG entities and their counsel to assess Plaintiffs' request and for the parties to meet and confer, and therefore Plaintiffs seek leave to extend the February 2 deadline for submitting a short form complaint by a week until February 9, to allow the parties additional time to hopefully work out a practical solution resulting in organized pleadings and if needed, a process for any motion practice TPG related entities may seek to pursue. The Exactech Defendants do not oppose this request.

However, in light of the Court's deadline of today, we include in this letter a copy of the proposed Short Form Complaint.

Respectfully Submitted,

Ellen Relkin

ER:das
Enclosure

cc: Susan Sharko and Michael Kanute Esqs, Faegre Drinker
    Elizabeth Curtin and Alan Rothman, Esqs., Sidley Austin
    All counsel via ECF

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
(BROOKLYN)

| | |
|---|---|
| IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION | MDL No. 3044 (NGG) (MMH) <br><br> Case No.: 1:22-md-03044-NGG-MMH <br><br> **District Judge Nicholas G. Garaufis** <br> **Magistrate Judge Marcia M. Henry** |
| _____ / | |

THIS DOCUMENT RELATES TO:

[INSERT PLAINTIFF NAME HERE]

### SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff(s) files this Short Form Complaint and Demand for Jury Trial against the Defendants named below. Plaintiff(s) incorporates by reference the allegations, Causes of Action, and requested relief contained in the Master Personal Injury Complaint filed in *In re: Exactech Polyethylene Orthopedic Products Liability Litigation*, MDL No. 3044, Case No. 1:22-md-03044 ("Master Personal Injury Complaint" or "MPIC").[1]

Plaintiff(s) further alleges as follows:

I. **IDENTIFICATION OF PARTIES**

   A. **PLAINTIFF(S)**

1. *Injured Plaintiff(s)*: Name of the individual implanted with and injured by an Exactech Device.

   _____

   ("Plaintiff")

2. At the time of the filing of this Short Form Complaint, Plaintiff resides in the following state:

   _____

---

[1] Plaintiff may assert additional causes of action and/or name Defendants not otherwise set forth in the Master Personal Injury Complaint. If additional causes of action are asserted and/or new Defendants named, the specific facts supporting any such additional cause of action or the naming of such additional Defendants must be pled in a manner complying with the Federal Rules of Civil Procedure. Additional pages may be attached to this Short Form Complaint, if necessary.

3. *Consortium Plaintiff(s)*: Name of the individual(s) that alleges damages for loss of consortium:

   _____

   ("Consortium Plaintiff")

4. *Survival and/or Wrongful Death Claims:*
   a. *Representative Plaintiff*: Name of the individual filing this matter and their representative capacity (i.e. administrator or executor of estate):

   _____

   ("Representative Plaintiff")

   b. Name and state of residence of Decedent Plaintiff when he/or she died as a result of an Exactech Device related injury:

   _____

   _____

   c. Decedent Plaintiff died on the following date:

   _____

B. **DEFENDANTS**

[BEFORE PROCEEDING – PLEASE CAREFULLY READ AND CONSIDER THE PLACES OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS, AND/OR CITIZENSHIP OF EACH DEFENDANT BEFORE SELECTING TO ENSURE THAT YOU ARE NOT NAMING ANY DEFENDANTS FROM THE SAME STATE AS ANY PLAINTIFF. THE PLACE OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS, OR RESIDENCE OF EACH DEFENDANT IS IN THE FOOTNOTES FOR YOUR CONVENIENCE]

5. Plaintiff(s) names the following Defendants in this action:

**Exactech Defendants**

☐ Exactech, Inc.[2]

☐ Exactech U.S., Inc.[3]

**TPG Defendants**

☐ TPG, Inc.[4]

☐ TPG Partners VII, L.P.[5]

---

[2] Florida corporation, with its principal place of business in Gainesville, Florida, and a citizen of Florida.
[3] Florida corporation, with its principal place of business in Gainesville, Florida, and a citizen of Florida.
[4] Delaware corporation, with its principal place of business in Fort Worth, Texas, and a citizen of Delaware and Texas.
[5] Limited partnership and a citizen of Delaware and Texas.

2

☐     TPG Partners Genpar VII, L.P.[6]

☐     TPG Genpar VII Advisors, LLC[7]

☐     Osteon Holdings, Inc.[8]

☐     Osteon Merger Sub, Inc.[9]

☐     Osteon Intermediate Holdings II, Inc.[10]

**Other Defendant(s)** (provide name and state(s) of citizenship for each new Defendant)

_____

## II.    **JURISDICTION**

6. The Court has jurisdiction over this matter pursuant to:

   ☐     Diversity of Citizenship

   ☐     Other (any additional basis for jurisdiction must be pled in sufficient detail below or on appended pages as required by the applicable Federal Rules of Civil Procedure):

   _____
   _____
   _____
   _____

## III.    **VENUE / DESIGNATED FORUM**

7. Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing:

   _____

---

[6] Limited partnership and a citizen of Delaware and Texas.
[7] Limited liability company and a citizen of Delaware and Texas.
[8] Delaware corporation, with its principal place of business in Fort Worth, Texas, and a citizen of Delaware and Texas.
[9] Florida corporation, with its principal place of business in Fort Worth, Texas, and a citizen of Florida and Texas.
[10] Delaware corporation, with its principal place of business in Gainesville, Florida, and a citizen of Delaware and Florida.

3

## IV. PLAINTIFF'S EXACTECH DEVICE AND INJURIES

*[Complete paragraphs 8-13 for one Exactech Device. If Plaintiff received more than one Exactech Device, complete paragraphs 8-13 separately for each Device and attach additional pages to this Short Form Complaint, if necessary.]*

8. Plaintiff was implanted with the following Exactech Device:

**Exactech Hip Devices**
- ☐ Connexion GXL
- ☐ Novation GXL
- ☐ AcuMatch GXL
- ☐ MCS GXL

**Exactech Knee Devices**
- ☐ Optetrak
- ☐ Optetrak Logic
- ☐ Truliant

**Exactech Ankle Device**
- ☐ Vantage

9. Leg in which the Exactech Device was Implanted:
   - ☐ Right
   - ☐ Left

10. Date the Exactech Device was implanted:
    _____

11. State in which the Exactech Device was implanted:
    _____

12. Date the Exactech Device was surgically removed/revised:
    _____

13. Plaintiff has suffered the following injuries and complications as a result of this Exactech Device:

    _____
    _____
    _____
    _____
    _____

4

## V. CAUSES OF ACTION

14. As to Exactech, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

    - ☐ First Cause of Action: Strict Liability – Manufacturing Defect
    - ☐ Second Cause of Action: Strict Liability – Design Defect
    - ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
    - ☐ Fourth Cause of Action: Negligence
    - ☐ Fifth Cause of Action: Breach of Express Warranty
    - ☐ Sixth Cause of Action: Breach of Implied Warranty
    - ☐ Seventh Cause of Action: Negligent Misrepresentation
    - ☐ Eighth Cause of Action: Fraud
    - ☐ Ninth Cause of Action: Fraudulent Concealment
    - ☐ Tenth Cause of Action: Punitive Damages
    - ☐ Eleventh Cause of Action: Loss of Consortium
    - ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

    _____
    _____
    _____
    _____

15. As to Exactech U.S., Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

    - ☐ First Cause of Action: Strict Liability – Manufacturing Defect
    - ☐ Second Cause of Action: Strict Liability – Design Defect
    - ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
    - ☐ Fourth Cause of Action: Negligence
    - ☐ Fifth Cause of Action: Breach of Express Warranty
    - ☐ Sixth Cause of Action: Breach of Implied Warranty

- ☐ Seventh Cause of Action: Negligent Misrepresentation
- ☐ Eighth Cause of Action: Fraud
- ☐ Ninth Cause of Action: Fraudulent Concealment
- ☐ Tenth Cause of Action: Punitive Damages
- ☐ Eleventh Cause of Action: Loss of Consortium
- ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

_____
_____
_____
_____

16. As to TPG, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- ☐ First Cause of Action: Strict Liability – Manufacturing Defect
- ☐ Second Cause of Action: Strict Liability – Design Defect
- ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- ☐ Fourth Cause of Action: Negligence
- ☐ Fifth Cause of Action: Breach of Express Warranty
- ☐ Sixth Cause of Action: Breach of Implied Warranty
- ☐ Seventh Cause of Action: Negligent Misrepresentation
- ☐ Eighth Cause of Action: Fraud
- ☐ Ninth Cause of Action: Fraudulent Concealment
- ☐ Tenth Cause of Action: Punitive Damages
- ☐ Eleventh Cause of Action: Loss of Consortium
- ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

_____
_____

_____
_____
_____

17. As to TPG Partners VII, L.P., Plaintiff(s) adopts the following Causes of Action asserted in the Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

    ☐ First Cause of Action: Strict Liability – Manufacturing Defect
    ☐ Second Cause of Action: Strict Liability – Design Defect
    ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
    ☐ Fourth Cause of Action: Negligence
    ☐ Fifth Cause of Action: Breach of Express Warranty
    ☐ Sixth Cause of Action: Breach of Implied Warranty
    ☐ Seventh Cause of Action: Negligent Misrepresentation
    ☐ Eighth Cause of Action: Fraud
    ☐ Ninth Cause of Action: Fraudulent Concealment
    ☐ Tenth Cause of Action: Punitive Damages
    ☐ Eleventh Cause of Action: Loss of Consortium
    ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

_____
_____
_____
_____

18. As to TPG Partners Genpar VII, L.P., Plaintiff(s) adopts the following Causes of Action asserted in the Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

    ☐ First Cause of Action: Strict Liability – Manufacturing Defect
    ☐ Second Cause of Action: Strict Liability – Design Defect
    ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
    ☐ Fourth Cause of Action: Negligence

7

- ☐ Fifth Cause of Action: Breach of Express Warranty
- ☐ Sixth Cause of Action: Breach of Implied Warranty
- ☐ Seventh Cause of Action: Negligent Misrepresentation
- ☐ Eighth Cause of Action: Fraud
- ☐ Ninth Cause of Action: Fraudulent Concealment
- ☐ Tenth Cause of Action: Punitive Damages
- ☐ Eleventh Cause of Action: Loss of Consortium
- ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

_____
_____
_____
_____

19. As to TPG Genpar VII Advisors, LLC, Plaintiff(s) adopts the following Causes of Action asserted in the Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- ☐ First Cause of Action: Strict Liability – Manufacturing Defect
- ☐ Second Cause of Action: Strict Liability – Design Defect
- ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- ☐ Fourth Cause of Action: Negligence
- ☐ Fifth Cause of Action: Breach of Express Warranty
- ☐ Sixth Cause of Action: Breach of Implied Warranty
- ☐ Seventh Cause of Action: Negligent Misrepresentation
- ☐ Eighth Cause of Action: Fraud
- ☐ Ninth Cause of Action: Fraudulent Concealment
- ☐ Tenth Cause of Action: Punitive Damages
- ☐ Eleventh Cause of Action: Loss of Consortium
- ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

_____
_____
_____
_____
_____
_____

20. As to Osteon Holdings, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

    ☐   First Cause of Action: Strict Liability – Manufacturing Defect
    ☐   Second Cause of Action: Strict Liability – Design Defect
    ☐   Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
    ☐   Fourth Cause of Action: Negligence
    ☐   Fifth Cause of Action: Breach of Express Warranty
    ☐   Sixth Cause of Action: Breach of Implied Warranty
    ☐   Seventh Cause of Action: Negligent Misrepresentation
    ☐   Eighth Cause of Action: Fraud
    ☐   Ninth Cause of Action: Fraudulent Concealment
    ☐   Tenth Cause of Action: Punitive Damages
    ☐   Eleventh Cause of Action: Loss of Consortium
    ☐   Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

_____
_____
_____
_____
_____

21. As to Osteon Merger Sub, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

    ☐   First Cause of Action: Strict Liability – Manufacturing Defect
    ☐   Second Cause of Action: Strict Liability – Design Defect

9

- ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- ☐ Fourth Cause of Action: Negligence
- ☐ Fifth Cause of Action: Breach of Express Warranty
- ☐ Sixth Cause of Action: Breach of Implied Warranty
- ☐ Seventh Cause of Action: Negligent Misrepresentation
- ☐ Eighth Cause of Action: Fraud
- ☐ Ninth Cause of Action: Fraudulent Concealment
- ☐ Tenth Cause of Action: Punitive Damages
- ☐ Eleventh Cause of Action: Loss of Consortium
- ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

_____
_____
_____
_____

22. As to Osteon Intermediate Holdings II, Inc., Plaintiff(s) adopts the following Causes of Action asserted in the Master Personal Injury Complaint and the allegations and Prayer for Relief with regard thereto, as set forth therein:

- ☐ First Cause of Action: Strict Liability – Manufacturing Defect
- ☐ Second Cause of Action: Strict Liability – Design Defect
- ☐ Third Cause of Action: Strict Liability – Defect Due to Inadequate Warnings or Instructions
- ☐ Fourth Cause of Action: Negligence
- ☐ Fifth Cause of Action: Breach of Express Warranty
- ☐ Sixth Cause of Action: Breach of Implied Warranty
- ☐ Seventh Cause of Action: Negligent Misrepresentation
- ☐ Eighth Cause of Action: Fraud
- ☐ Ninth Cause of Action: Fraudulent Concealment
- ☐ Tenth Cause of Action: Punitive Damages
- ☐ Eleventh Cause of Action: Loss of Consortium
- ☐ Other: Plaintiff(s) may assert additional theories and/or Causes of Action. If Plaintiff(s) includes additional theories and/or Causes of Action, the specific facts

10

and allegations supporting additional theories and/or Causes of Action must be pleaded by Plaintiff in sufficient detail as required by the Federal Rules of Civil Procedure. Attach additional pages to this Short Form Complaint, if necessary.

_____
_____
_____
_____
_____

23. As to any Defendant named in this Short Form Complaint that is not named in the Master Personal Injury Complaint, Plaintiff(s) asserts the following allegations, causes of action, and prayer for relief. Attach additional pages to this Short Form Complaint, if necessary.

_____
_____
_____
_____
_____

**WHEREFORE**, Plaintiff(s) prays for relief and judgment against named Defendants and all such further relief that this Court deems equitable and just as set forth in the Master Personal Injury Complaint and any additional relief to which Plaintiff(s) may be entitled.

## JURY DEMAND

Plaintiff(s) hereby demands a trial by jury as to all claims in this action.

Date: _____     _____

[Signature Block]