# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: EXACTECH POLYETHYLENE ORTHOPEDIC PRODUCTS LIABILITY LITIGATION | MDL No. 3044 <br><br> Case No. 1:22-md-3044 (NGG) (MMH) |
| This Document Applies to All Cases | **AMENDED FACT SHEET IMPLEMENTATION ORDER** |

The Personal Injury Plaintiffs ("Plaintiffs") and the Exactech Defendants ("Defendants") have agreed to accept online submission and service of Personal Injury Plaintiff's Preliminary Disclosure Forms, Plaintiff Fact Sheets, Defendant Fact Sheets, Supplemental Plaintiff Fact Sheets, and Supplemental Defendant Fact Sheets (the "Fact Sheets"), and related documents in actions filed in or transferred into this action, and in the interest of efficiency and judicial economy,

**IT IS HEREBY ORDERED** that:

1. The Plaintiff Fact Sheet, attached as **Exhibit A**, shall be completed by all Plaintiffs by **June 6, 2023**.

The Supplemental Plaintiff Fact Sheet, attached as **Exhibit B,** shall be completed by all Plaintiffs who are selected to be in a bellwether trial pool within sixty (60) days of the selection.

The Defendant Fact Sheet, attached as **Exhibit C,** shall be completed by the Exactech Defendants within fifteen (15) days of receipt by Defendants of a substantially complete Plaintiff Fact Sheet.

The Supplemental Defendant Fact Sheet, attached as **Exhibit D,** shall be completed by the Exactech Defendants for all Plaintiffs who are selected to be in a bellwether trial pool within sixty (60) days of selection.

2. *Manner of Completion and Service of Fact Sheets and Authorization Forms.* Plaintiffs and Defendants shall use the online MDL Centrality System designed and provided by BrownGreer PLC and accessible at www.mdlcentrality.com to complete and serve Plaintiff and Defendant Fact Sheets, as follows:

   (a) Each Plaintiff required to submit a Plaintiff Fact Sheet, shall use the established secure online portal in the MDL Centrality online system and obtain authorized usernames and secure login passwords to permit use of MDL Centrality by such counsel or Plaintiff that was used for submission of the Plaintiff's Preliminary Disclosure Form or by emailing Exactech@BrownGreer.com. Except as set forth herein, counsel for a Plaintiff or each *pro se* Plaintiff shall be permitted to view, search and download on MDL Centrality only those materials submitted by that Plaintiff and by Defendants relating to that Plaintiff, and not materials submitted by or relating to other Plaintiffs.

   (b) Defendants shall establish a secure online portal with the MDL Centrality online system and obtain authorized usernames and secure login passwords to permit use of MDL Centrality by Defendants' counsel.

   (c) The Plaintiffs' Liaison for the Personal Injury Plaintiffs, Co-Lead Counsel for the Personal Injury Plaintiffs, Attorney Designees appointed by the Plaintiffs' Steering Committee for the Personal Injury Plaintiffs, and Defendants shall have access to and be able to view, search, and download all materials submitted by all Plaintiffs and by all Defendants.

   (d) Neither Plaintiffs nor Defendants will be given access to or knowledge of any reports, summaries, datasets, and/or other customizable information that another party has requested through MDL Centrality (including the fact that the request was made) without the requesting party's consent. If no consent is obtained from the requesting party, such requests and the information generated therefrom shall be considered the requesting party's work product and shall not be shared with any other party.

   (e) Each Plaintiff and Defendants shall use the MDL Centrality System to obtain, complete or upload data, and serve the appropriate Preliminary Disclosure Form or Fact Sheet online (including the upload of PDFs or other electronic images, photographs and videos of any records required in the Fact Sheets). Each Plaintiff

    and Defendants shall provide a signed verification with their Fact Sheets, which will be signed in hard copy, uploaded, and served through MDL Centrality.

(f)  Each Plaintiff shall use the MDL Centrality System to obtain, complete, and serve online the Plaintiff's Records Authorizations. Each Plaintiff shall sign each of the required Records Authorizations, which will then be uploaded and served through MDL Centrality.

(g)  Service of a completed Fact Sheet and Records Authorizations shall be deemed to occur when the submitting Party has performed each of the steps required by the MDL Centrality System to execute the online submission of the materials, and the submitting Party has received confirmation on screen that the materials have been successfully submitted.

(h)  If a Party must amend a previously served Plaintiff's Preliminary Disclosure Form or Fact Sheet, all subsequent versions must be named accordingly ("First Amended Fact Sheet," "Second Amended Fact Sheet," etc.), and all iterations of a Party's Fact Sheet must remain available and accessible to all Parties to a case through trial, appeal (if any), or other resolution of the litigation.

3.  ***No Impact on Privileges or Work Product Protection.*** The use of MDL Centrality by any Party shall not alter or otherwise waive or affect any attorney-client privilege or work product doctrine protection available that would otherwise apply to a document in the absence of the use of MDL Centrality. Any notations placed on materials, comments entered, or documents stored or uploaded to MDL Centrality by a user shall be considered to be the work product of such user unless and until the material is served on or purposefully disclosed to the opposing Party through the use of MDL Centrality or otherwise. Pursuant to Rule 502(d) of the Federal Rules of Evidence, this Order with respect to privilege and work product doctrine protection applies to any other federal or state proceeding.

4.  ***No Impact on the Scope of Discovery.*** Nothing in the Fact Sheets, Records Authorizations, or any use or action in MDL Centrality shall be deemed to limit the scope of further case-specific discovery, any inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure and the

admissibility of information shall be governed by the Federal Rules of Evidence and applicable law. No objections or rights are waived as a result of any response in a Fact Sheet or the production of any documents with a Fact Sheet.

5. ***PFS and DFS to Serve as Written Discovery.*** A completed and signed PFS and DFS shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed. R. Civ. P. 34 and will be governed by the standards applicable to written discovery under Fed. R. Civ. P. 26 through 37. Having already agreed upon the content of the PFS and DFS, the Parties may not object to any of the questions.

6. ***Extension of Deadlines.*** The Parties may agree to an extension of the deadlines set in this Order for the completion and service of Fact Sheets and Records Authorizations. Consideration should be given to requests for extensions to stagger PFS deadlines where a single law firm has a large number due on or near the same dates, and correspondingly for Defendants with a large number of DFS due on or near the same dates. If the Parties cannot agree on reasonable extensions of time, the requesting Party may apply to the Court for such relief upon a showing of good cause and no prejudice to the other Party.

7. ***Plaintiffs' Failure to Comply.*** If a Plaintiff fails to materially comply with his or her obligations under this Order within the required deadlines, Defendants' Lead Counsel shall notify the Plaintiff's counsel or *pro se* Plaintiff in writing by either electronic mail with delivery receipt requested, or traceable overnight mail, of the allegedly deficient PFS or the missed deadline for production of the PFS. The deficiency letter shall specifically identify the alleged material deficiency. Deficiency letters shall not be used to annoy or harass a Party or delay the discovery process. Plaintiffs shall respond by phone or letter within two (2) weeks of the date of service of Defendants' letter. If the dispute is not resolved, Defendants shall put the dispute on the agenda

for the next court conference. If a case appears on the agenda for two court conferences, the moving Party may request that an Order to Show Cause be entered to the delinquent Party. That Order to Show Cause shall be returnable at the next court conference and require the delinquent Party to show cause why his complaint or answer should not be dismissed with prejudice or stricken.

8. ***Defendants' Failure to Comply.*** If the Defendants fail to materially comply with their obligations under this Order within the required deadlines, Plaintiffs' Lead Counsel shall notify the Defendants' counsel in writing by either electronic mail with delivery receipt requested, or traceable overnight mail, of the allegedly deficient DFS or the missed deadline for production of the DFS. The deficiency letter shall specifically identify the alleged material deficiency. Deficiency letters shall not be used to annoy or harass a Party or delay the discovery process. The Defendants shall respond by phone or letter within two (2) weeks of the date of service of Plaintiffs' letter. If the dispute is not resolved, Plaintiffs shall put the dispute on the agenda for the next court conference. If a case appears on the agenda for two court conferences, the moving Party may request that an Order to Show Cause be entered to the delinquent Party. That Order to Show Cause shall be returnable at the next court conference and require the delinquent Party to show cause why its answer should not be dismissed with prejudice or stricken.

DATED:  Brooklyn, New York
03-23-2023

*Marcia M. Henry*
The Honorable Marcia M. Henry
United States Magistrate Judge

5